IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRANDON KIONE WILLIAMS, § | |
| § | |
| Movant, § | CIVIL ACTION NO. 6:23-CV-00162-JDK-JDL |
| § | |
| v. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Movant Brandon Kione Williams, an inmate confined at FCI Beaumont, TX, proceeding *pro se*, brings this Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. Upon review, for the reasons stated herein, the court **RECOMMENDS** that the motion be **DENIED**, and the case be **DISMISSED WITH PREJUDICE**.

BACKGROUND

I. **Procedural History**

On June 11, 2020, a grand jury sitting in the Eastern District of Texas, returned a third superseding indictment against Movant on ten counts. (6:19-cr-00001-01, Doc. No. 297.) Count One of the third superseding indictment charged Movant with conspiracy to possess with intent to distribute and distribution of controlled substances (methamphetamine, cocaine base, and cocaine) in violation of 21 U.S.C. § 846, and with aiding and abetting in violation of 18 U.S.C. § 2. *Id.* A sentencing enhancement was included in the third superseding indictment based on Movant's prior criminal history. *Id.* at 2.

1

On September 21, 2020, prior to the commencement of trial and pursuant to a plea agreement, Movant pled guilty to Count One of the indictment. (6:19-cr-00001-01, Doc. No. 363.) On September 22, 2020, the court found Movant guilty of Count One. (6:19-cr-00001-01, Doc. No. 367.) The court entered a final judgment of 216 months imprisonment for Count One. (6:19-cr-00001-01, Doc. No. 389.) Movant filed a notice of appeal on April 8, 2021. (6:19-cr-00001-01, Doc. No. 395.) Movant's appellate counsel filed an *Anders* brief, to which Movant did not respond. *United States v. Williams*, No. 21-40272, 2022 WL 574617 (5th Cir. Feb. 25, 2022). The Fifth Circuit dismissed the appeal after determining that there were no nonfrivolous grounds for review. *Id.*

## II.   Movant's § 2255 Motion

Movant filed the instant § 2255 motion (Doc. No. 1) on April 5, 2023. Movant's motion appears to raise seven grounds for relief. In the first two grounds, Movant claims that trial counsel was ineffective for failing to object to a defect in the indictment, which resulted in a greater sentence than he would have otherwise received. *Id.* at 1–3, 8.

The other five issues presented are either incomplete or wholly unintelligible. Movant's motion labels these five grounds as "Presentence Report," "Speculation," "Intent to Distribute," "9-27.710," and "Rimless." (Doc. No. 1.) Each of the five grounds references some general legal standard but then fails to delineate any relevant facts or make any specific arguments.[1] Rule 2(b)

---

[1] Under "Presentence Report" and "Speculation," Movant appears to claim that the court relied on unreliable, unsubstantiated facts in determining Movant's sentence. (Doc. No. 1, at 3, 5.) However, Movant does not identify which insufficient facts the court relied on. Under "Intent to Distribute," Movant states that he "cannot [be] held accountable for conduct that occurred prior to his entry into the conspiracy." *Id.* at 5. Movant then references the drug equivalency table in U.S.S.G. 2D1.1. *Id.* However, the motion fails to elaborate on either of these statements. Under "9-27.710," Movant appears to claim that the Government intentionally withheld relevant factual information from the court to "artificially produce a desired guideline range[.]" *Id.* at 5, 7. However, the motion does not explain what information was withheld. And, as discussed below, to the extent Movant is suggesting that the Government withheld information regarding the type and amount of controlled substances supporting the charge, that argument is without merit. Last, under "Rimless," Movant states that to be found guilty of conspiracy, a defendant must have knowledge and act in furtherance of "some single, illegal enterprise." *Id.* at 7. Movant does not elaborate on this statement at all.

of the *Rules Governing Section 2255 Proceedings* requires that petitions "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2. Here, with respect to these five grounds, the motion fails to provide sufficient information for the court to determine whether Movant is entitled to relief under 28 U.S.C. § 2255(a). *See id*; *see also United States v. Woods*, 870 F.2d 285 (5th Cir. 1989) (stating "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue") (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983)). Accordingly, the court will only analyze the first two claims for ineffective assistance of counsel.

Movant requests that the court "grant my Pro Se 28 U.S.C. § 2255(a) motion on all grounds raise[d] on ineffective counsel as stated in my motion, to base offense level 12, 10-16 months based on count one of the third superseding indictment or to time serve[d] or 10-months." (Doc. No. 1.) The Government filed a response (Doc. No. 7) on October 30, 2023. Movant did not file a reply.

**LEGAL STANDARD**

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*,

959 F.2d 1297, 1300–01 (5th Cir. 1992) (citations omitted). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## DISCUSSION

Movant's two claims for ineffective assistance of counsel rely on the same premise. Movant alleges that the indictment was defective because it failed to identify the elements of the offense, namely the type and quantity of controlled substances supporting the charge (Doc. No. 1, at 1, 3). In his first ground for relief, Movant asserts that this defect in the indictment failed to put Movant on notice of the charges against him. *Id.* at 1. In his second ground for relief, Movant claims that the defective indictment resulted in an illegally enhanced sentence of 216 months. *Id.* at 4. Movant then argues that trial counsel was deficient for failing to object to the defective indictment on these two grounds, and that absent trial counsel's error, he would have only received a sentence of 12 to 16 months. *Id.* at 2, 8. However, as discussed below, the indictment was not defective. Therefore, Movant's trial counsel was not deficient for failing to object to the sufficiency of the indictment on those grounds.

To prevail on a claim of ineffective assistance of counsel, a § 2255 movant must show that (1) his attorney's actions fell below an objective standard of reasonableness and (2) the ineffective assistance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–89 (1984); *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) (stating that an ineffective assistance claim in a § 2255 motion must meet the *Strickland* standard). Under the first prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687; *see also United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995). As it is easy to second-guess counsel's performance after a conviction or adverse

sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from his perspective at the time, rather than looking towards the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689. As such, counsel is strongly presumed to have performed adequately and made decisions using reasonable professional judgment. *Id.* at 690. "In essence, the Sixth Amendment entitles a criminal defendant to *reasonable*, but not *perfect*, representation of counsel." *United States v. Valdez*, 973 F.3d 396, 404 (5th Cir. 2020) (alteration in original).

Regarding the second prong, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also United States v. Israel*, 838 Fed. App'x 856, 862 (5th Cir. 2020). Movant must "affirmatively prove," not just allege, prejudice. *Strickland*, 466 U.S. at 693. Courts need not address both inquiries if the defendant does not sufficiently support one prong; nor must the court address the test in the same order. *Id.* at 697. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*

Here, Movant claims that trial counsel was deficient for failing to object to a defect in the indictment, specifically the omission of the type and quantity of controlled substances supporting the charge under 21 U.S.C. § 846 (Doc. No. 1, at 1, 3). However, as Respondent points out, the third superseding indictment states the elements of the offense under 21 U.S.C. § 846 and specifically identifies the type and quantity of controlled substances supporting the charge:

> Brandon Kione Williams . . . did knowingly and intentionally conspire and agree with [codefendants and others] to possess with intent to distribute and distribute controlled substances; to wit: 50 grams or more of methamphetamine (actual); 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; 28 grams or more of a mixture or substance containing cocaine base crack; and a mixture or substance containing a detectable amount of cocaine. In violation of 21 U.S.C. § 846[.]

(6:19-cr-00001-01, Doc. No. 297, at 1–2.)

5

Accordingly, Movant's claim that the indictment was defective is without merit. Movant's trial counsel could not have objected to the indictment on that basis. Any such objection would have been frivolous and could have resulted in sanctions by the court. As such, Movant cannot show that his trial counsel was deficient for failing to assert an untenable position about the sufficiency of the indictment. *See United States v. Mitchell*, 263 F.3d 162 (5th Cir. 2001) (stating "counsel is not deficient for failing to argue a meritless point") (citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995))

Further, to the extent that Movant claims that trial counsel was otherwise deficient for failing to object to the sentence imposed or for failing to request a sentence of 12 to 16 months, his argument is also meritless. The third superseding indictment charged Movant with conspiracy to possess with intent to distribute and distribution of 50 grams or more of methamphetamine. (6:19-cr-00001-01, Doc. No. 297, at 1–2.) The statutory sentencing range for that offense alone is 120 months to life. *See* 21 U.S.C. § 841(b)(1)(A). But the indictment also included a sentencing enhancement based on Movant's prior drug convictions under Texas law and 21 U.S.C. § 846, which elevated the minimum statutory sentence to 180 months. *See* (6:19-cr-00001-01, Doc. No. 297, at 1–2); 21 U.S.C. § 841(b)(1)(A). As such, the court could not have sentenced Movant to less than 180 months. *See United States v. Doggins*, 633 F.3d 379 (5th Cir. 2011) (stating district courts do not have the power to sentence below the statutory minimum). Thus, Movant cannot show that his trial counsel was otherwise deficient for failing to object to the sentence imposed or for failing to request a sentence that the court could not impose. *See Mitchell*, 263 F.3d at 162 (stating "counsel is not deficient for failing to argue a meritless point").

## RECOMMENDATION

For the foregoing reasons, the court **RECOMMENDS** that Movant's motion (Doc. No. 1) be **DENIED** and that the case be **DISMISSED** with prejudice.

Within fourteen (14) days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 2nd day of February, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE